Atkinson *v.* Scammon.

---

# ATKINSON *v.* SCAMMON.

In case, for slander, one count alleged that the plaintiff and two others gave a note payable to the defendant or order; that the defendant said of the plaintiff and and of the note, " I never put my name on the back of the note, but she must have done it." There was no averment in that count explaining the sense in which the words were spoken. Held that this count was bad after verdict, on motion to arrest the judgment.

CASE, for slanderous words; plea, the general issue. The declaration contained three counts, and the jury returned a

general verdict for the plaintiff. The defendant moved to arrest the judgment for insufficiency of the declaration. The third count in the declaration was as follows: " And also for that, whereas, the plaintiff is a good, true, honest, and just inhabitant of this State, and from the time of her birth hath always hitherto behaved and governed herself as such, and during all that time hath been held, esteemed, and reputed to be of good name, character and reputation, as well among a great many of the citizens of said State as among all her neighbors and acquaintances, and during all that time hath never been guilty, nor justly suspected of having been guilty of any hurtful or disgraceful crime. Yet the said Scammon well knowing all, and singular, the premises aforesaid, but contriving and maliciously intending to hurt, injure, and disgrace the plaintiff in her good name, character, and reputation and to subject her to the pains and penalties by the laws of this State provided against those who commit any kind of.forgery, did on the first day of October, A. D. 1846, at a place called Exeter, to wit, at said Portsmouth, in a certain discourse which the said Scammon then and there had in the presence of divers good citizens of this State, about a certain note for about twenty-five hundred dollars, signed by said plaintiff, one George Dennett, and one Henry Y. Hayes, payable to said Scammon or his order, and by him indorsed, falsely and maliciously say, speak, and publish the following false, scandalous, and defamatory words, in the presence and hearing of said citizens, and of and concerning the plaintiff: " I never signed my name on the note, but she must have done it," (meaning that he, said Scammon, never endorsed his name upon the back of the note above named, but that the plaintiff signed his name thereon,) and the said Scammon further did say, speak, and publish the following false, scandalous, and defamatory words, of and concerning the plaintiff, that he never signed his name on the note, but she must have done it, (meaning that he, said Scammon, never signed his name on the back of said note, but that the plaintiff must have wrote and indorsed his name thereon) by means of the speaking and publishing of which said false, scandalous, and defamatory words, and of the said false and ma-

licious charge, the plaintiff is greatly injured and prejudiced in her good name, character, and reputation aforesaid, and has been rendered liable to be presented and indicted for the crime of forgery, and has likewise further undergone great pain, distress and trouble, both of body and mind, and has been otherwise greatly injured and prejudiced."

*Hackett,* for the plaintiff.

*Hatch* and *Wells,* for the defendant.

PERLEY, J. The third count of the declaration has no statement of facts or circumstances, in reference to which the words are alleged to have been spoken, that can extend or explain their meaning. The general inducement of the plaintiff's good character, and the averment that the defendant maliciously intended to subject her to the penalties of forgery, are not traversable allegations, and were not in issue before the jury. *Holt* v. *Scholefield,* 6 Term Rep. 691; *Hawkes* v. *Hawkey,* 8 East, 427.

The same may be said of the concluding allegation that the plaintiff had been rendered liable to be indicted for forgery. It is not a sufficient allegation of special damages, and is not traversable.

Where the words laid in a declaration for slander do not in themselves import the charge of a crime, but are alleged to have been spoken in reference to some fact or transaction, that would give them an actionable meaning; the jury are to find whether the words were spoken in reference to such fact or transaction, and in the sense charged in the declaration, and after verdict for the plaintiff it will be intended that the jury found them to have been spoken in that sense.

But on this count of the declaration, the only questions for the jury were, whether the defendant spoke the words laid, and spoke them of the plaintiff and of the note described. This is all that the plaintiff charged, and all that she was bound to prove to entitle her to a verdict. The verdict therefore finds no

more, directly or by legal implication, than this; that these words were spoken by the defendant, of the plaintiff and of the note.

Do the words set out in the declaration, spoken of the note as it is described, imply with sufficient certainty and clearness a charge of forgery?

The words are alleged to have been spoken in a certain discourse about a certain note for about twenty-five hundred dollars, signed by said plaintiff, one George Dennet, and one Henry Y. Hayes, payable to said Scammon or his order.

The plaintiff was one of the makers of the note; there is no averment to show in whose hands the note was; whether it was paid or unpaid; if unpaid, who had the legal interest in it; who was designed to be defrauded by setting the defendant's name on it; nor that there was any fraudulent or unfair design in putting his name there. The plaintiff was one of the makers. If she had the note in her possession, it is most natural to suppose that she had paid and taken it up, and then she might very innocently put the defendant's name on the back of it. Indeed, the difficulty is to conjecture, on the facts alleged in this count, how the plaintiff could have committed a forgery by putting the payee's name on the back of the note.

It is possible to suppose that after paying the note to Scammon she may have indorsed his name on it in order to have a suit on it in the name of a third person against the other makers. But it is not enough that we are able to imagine how the words may possibly have been spoken in an actionable sense. As they are not aided in this case by any other averment, they must in themselves imply a distinct charge of forgery. Applying them to the note as described in the declaration, without resorting to any forced construction *in mitiori sensu*, they may well have been used in a meaning quite consistent with the plaintiff's innocence of the crime of forgery.

This count of the declaration is therefore bad after verdict; and, by a well settled and familiar rule of pleading, the verdict for the plaintiff being general, and one count bad, the *judgment must be arrested.*